J-A01004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HOWARD MCELNEA AND CAROLE MCELNEA, H/W AND REGINALD WORTHINGTON AND JULIE WORTHINGTON, H/W | : : : : : : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| ESTATE OF JEFFREY VAN SLYKE, INDRA VAN SLYKE, ADRIAN KHILLAWAN, INDRA VAN SLYKE, TRUSTEES OF THE INDRA C. VAN SLYKE IRREVOCABLE TRUST DATED FEBRUARY 2, 2017 | | No. 1808 EDA 2018 |
| APPEAL OF: INDRA C. VAN SLYKE AND THE INDRA C. VAN SLYKE IRREVOCABLE TRUST DATED FEBRUARY 2, 2017 | | |

Appeal from the Order Entered June 11, 2018
In the Court of Common Pleas of Pike County
Civil Division at No(s): No. 125-2018 CIVIL

BEFORE: OTT, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.: **FILED SEPTEMBER 05, 2019**

Indra C. Van Slyke (Indra) and the Indra C. Van Slyke Irrevocable Trust dated February 2, 2017 (the Trust) (collectively, Appellants) appeal from the order entered June 11, 2018, in the Court of Common Pleas of Pike County, placing proceeds from the sale of the Glen Combe Condominiums, and any other real estate owned by the Trust into an escrow account controlled by a receiver until the time of an insurance coverage decision regarding the

underlying tort action. After a thorough review of the submissions by the parties, relevant law, and the certified record, we vacate and remand.

The underlying action was commenced by a writ of summons, filed on January 19, 2018, by Howard and Carole McElnea (h/w) and Reginald and Julie Worthington (h/w) (collectively, Plaintiffs or Appellees) against the Estate of Jeffrey Van Slyke, Indra Van Slyke, Adrian Khillawan, and Indra Van Slyke and Jeffrey Van Slyke, Trustees of the Indra C. Van Slyke Irrevocable Trust dated February 2, 2017 (collectively, Defendants). On April 6, 2018, Appellees, having learned the Trust had entered into an agreement to sell certain real property for a sum in excess of $1,000,000.00, filed a motion pursuant to the Pennsylvania Uniform Fraudulent Transfer Act[1] (Act), 12 Pa.C.S. § 5101, *et seq.*[2] When the hearing was delayed, Appellants filed a Motion for Expedited Hearing. Thereafter, a hearing was scheduled and took place on June 11, 2018. By order of the same date, the trial court granted Appellees' motion, and directed the "proceeds from the sale of the Glen Combe Condominiums, …, and any other real estate owned by the Trust, be placed into an escrow account controlled by a Receiver, agreed upon by the parties, until such time as a coverage determination is made." Order, 6/11/2018.

---

[1] As of February 20, 2018, the Act is known as the Pennsylvania Uniform Voidable Transactions Act. 12 Pa.C.S. § 5101(a).

[2] The matter was scheduled for a hearing without issuance of a rule for Appellants to respond to the motion. **See** Order, 4/13/2018.

On June 14, 2018, Appellants filed a motion for reconsideration, challenging the trial court's decision on the basis that no evidence was presented at the hearing. The trial court denied the motion for reconsideration on June 18, 2019 and, on June 19, 2019, Appellants filed this appeal.[3]

Preliminarily, we address the issue of our jurisdiction to review the trial court's order.

Rule 311(a)(2) of the Pennsylvania Rules of Appellate Procedure provides for an interlocutory appeal as of right, as follows:

> Attachments, etc.—An order confirming, modifying, dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property, or similar matter affecting the possession or control of property, except for orders pursuant to 23 Pa.C.S. § 3323(f), 3505(a).

Pa.R.A.P. 311(a)(2).

Following the filing of the notice of appeal, this Court issued a Rule to Show Cause (RTSC) upon Appellants as to whether the instant order is appealable under Pa.R.A.P. 311(a)(2) where the order did not dispose of all claims or parties and did not appoint a receiver, but directed the parties to agree upon a receiver. *See Rappaport v. Stein*, 520 A.2d 480 (Pa. Super. 1987) (trial court's order which appointed firm as real estate broker to sell property of partnership did not act as an order appointing a receiver and thus was not an appealable interlocutory order). Appellants responded that the

---

[3] Appellants timely complied with the order of the trial court to file a concise statement.

order expressly creates a receivership, and therefore ***Rappaport*** is distinguishable. The RTSC was discharged and referred to the merits panel.

Based upon our review, we conclude the trial court's order creating a receivership for escrow proceeds from the sale of real estate owned by the Trust falls within Pa.R.A.P. 311(a)(2).[4]

We turn, then, to Appellants' three claims, namely:

Did the court abuse its discretion in granting relief under 12 Pa.C.S.A. [§] 5104(a)(1) where Plaintiffs did not offer any evidence at hearing whether by way of testimony, documentary evidence, request to submit admissions, request for judicial notice, or otherwise?

Did the court abuse its discretion in its factual findings and legal conclusions by considering matters outside of the record of hearing/proceedings, including, for instance, mere allegations in pleadings, hearsay raised through argument of counsel, facts not submitted into evidence, and otherwise irrelevant and inadmissible evidence?

Did the court abuse its discretion or commit error of law in finding that Plaintiff had met its burden to prove actual intent to hinder delay or defraud under 12 Pa.C.S.A. [§] 5104(a)(1) and 12 Pa.C.S.A. [§] 5104(c)?

Appellants' Brief at 2. These claims are addressed in Appellants' brief in one discussion, and therefore we do likewise.

Initially, we state our standard of review:

In prior matters involving review of alleged fraudulent conveyances, we have stated that our standard of review of a

_____

[4] To the extent that Appellees claim the order is not appealable because it falls within Rule 311(a)(2)'s exception regarding 23 Pa.C.S. § 3505(a), we point out that this exception is for an order in a divorce proceeding, and therefore has no application to this case.

- 4 -

decree in equity is particularly limited and that such a decree will not be disturbed unless it is unsupported by the evidence or demonstrably capricious. The findings of the [judge] will not be reversed unless it appears the [judge] clearly abused the court's discretion or committed an error of law. The test is not whether we would have reached the same result on the evidence presented, but whether the [judge's] conclusion can reasonably be drawn from the evidence.

***Knoll v. Uku***, 154 A.3d 329, 331-32, citing ***Fell v. 340 Assocs., LLC****,* 125 A.3d 75, 81 (Pa. Super. 2015) (citation omitted).

Section 5104 of the Act provides, in relevant part: "A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay or defraud any creditor of the debtor[.]" 12 Pa.C.S. 5104(a)(1). "The creditor making a claim for relief under subsection (a) has the burden of proving the elements of the claim for relief by a preponderance of the evidence." 12 Pa.C.S. § 5104(c). In considering "actual intent," Section 5104 provides 11 factors which the court may consider, among other factors, namely, whether:

(1)  the transfer or obligation was to an insider;

(2)  the debtor retained possession or control of the property transferred after the transfer;

(3)  the transfer or obligation was disclosed or concealed;

(4)  before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5)  the transfer was of substantially all the debtor's assets;

(6)    the debtor absconded;

(7)    the debtor removed or concealed assets;

(8)    the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9)    the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10)  the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11)  the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

12 Pa.C.S. § 5104(b). "Proof of the existence of any one or more of the factors enumerated in subsection (b) may be relevant evidence as to the debtor's actual intent but does not create a presumption that the debtor has made a fraudulent transfer or incurred a fraudulent obligation." **Fell v. 340 Assocs., LLC**, **supra**, 125 A.3d at 82 n.10 (quotations and citations omitted).

Here, based upon the averments of Appellees' motion, the only relevant factor appears to be a transfer that is alleged to have occurred after the institution of litigation.  12 Pa.C.S. § 5104(b)(4).  Appellants argue, however, that at the hearing on Appellees' motion, Appellees presented no evidence, and made no requests to place on the record any facts by way of admissions or judicial notice in support of their allegation.  Appellants further assert, at the time of the hearing, the pleadings had not closed and the amended

complaint was subject to pending preliminary objections. Appellants maintain the trial court made numerous findings not supported by any evidence, and the trial court's reliance on pleadings, the argument of counsel, and facts outside the record represents an abuse of discretion. Appellants also point out that because Appellees presented no evidence at the hearing, there was nothing for Appellants to rebut, dispute, or challenge.

Here, the trial court, in its opinion authored in support of the order, opined:

> At the outset, we note that there is no doubt in the Court's mind that the Defendant Trust was created to operate as a shield to protect the real estate parcels from any potential liability as a result of this action. Although this case is still in the pleadings stage, we agree with Plaintiffs and find that the instant situation is exactly what the Act is designed to protect. We find that Plaintiffs' requested relief should be granted particularly because of the totality of the circumstances in this case. …
>
> Initially, we find that the burden of proof for Plaintiffs' requested relief was met. There are facts that were not placed on the officially placed on [sic] the record at the hearing but which this Court is still entitled to consider and which it did consider. Furthermore, the facts that this Court did consider are of public record and/or were never disputed but in fact admitted to by Defendants.
>
> First, Defendant Khillawan is facing . . . criminal charges for two separate incidents involving his harassment and threatening behavior towards Plaintiffs. The fact that he has two separate criminal cases pending against him for the very events that form the basis of this action demonstrate that the history between these parties is of great significance. Defendants are clearly facing legal ramifications from both the civil and criminal judicial systems, and it is not unreasonable for this Court to view Defendant Khillawan's pending criminal charges as motivation to shield certain assets from the Plaintiffs' reach.

Second, Defendants admitted that the Glen Combe Condominiums are under an Agreement of Sale. Defendants did not dispute that the property was listed for sale contemporaneously with the filing of this lawsuit. Defendants verified to this Court that the units in the Condominiums can bring in about $13,500.00 in rent per month. Defendants argued that the Defendant Trust would retain the cas[h] from the sale of the properties and subsequently invest it; however, as noted during the hearing, there is no guarantee that Defendants will not disburse the assets to third parties. We did not and do not agree with Defendants that it is not the purpose of the Act to guarantee a debtor will not disburse assets.

Even if Defendants' argument that the burden should not be shifted upon them was accepted, we still find that Plaintiffs' burden was met as this Court considered the appropriate and relevant facts. Again, we note the volatile history between the parties which culminated in the death of Jeffrey Van Slyke and criminal charges for Defendant Khillawan. The Condominiums were listed for sale contemporaneously with the filing of this lawsuit. Defendants are not Pennsylvania residents, which as noted by Plaintiffs, could allow them to remove the assets from this jurisdiction. The assets from any sale of the property could easily be converted to cash. The trustees of Defendant Trust are Indra Van Slyke and Andre Khillawan[5], who both obviously have a significant interest in the assets. Both Plaintiffs and Defendants acknowledged at the hearing that coverage has not been determined and there is no established date for such a determination to be made.

Finally, we note the Act specifically permits the Court to use discretion in granting injunctive relief to appoint a receiver to manage the funds and control the assets.

Based on above-stated reasoning, we determined that the Act is designed to protect against the instant situation, and we concluded that Defendants were motivated to create the Defendant Trust in order to shield various assets from liability.

---

[5] Andre Khilliwan is the son of Indra and successor trustee upon the death of Jeffrey Van Slyke. Andre Khilliwan is not to be confused with the defendant Adrian Khilliwan. *See* N.T., 6/11/2018, at 11-12.

Trial Court Opinion, 8/14/2018, at 6-8.

The trial court's finding that "the Defendant Trust was created to operate as a shield to protect the real estate parcels from any potential liability as a result of this action," *id.* at 6-7, is negated by the Trust document itself, which is dated February 2, 2017, well before Appellees instituted the present action on January 19, 2018. Appellees never offered a deed into evidence which would prove the date the real estate was transferred to the Trust or that the trustees would dissipate the proceeds of the sale of the real estate.

However, Appellees appear to concede that the property was placed in the Trust when it was created on February 2, 2017.[6] Additionally, Paragraph 18 of the Second Amended Complaint avers the trouble between the parties began in June, 2017, four months *after* the property was placed in trust. The incident that underlies this lawsuit did not occur until November 2, 2017, nine months *after* the property was placed in trust. Accordingly, it is temporally impossible for the Trust to have been created and the property placed in trust "to operate as a shield to protect the real estate parcels from any potential liability as a result of this action," as determined by the trial court.

_____

[6] "In an effort to unlawfully shield themselves and Khillawan from liability arising out of Khillawan's mental illness and violent propensities, and with actual knowledge of same, Indra and Jeffry created the Trust on or about February 2, 2017, and placed their real estate and non-real estate assets into the Trust." Second Amended Complaint, Paragraph 97.

Furthermore, without knowing the provisions of the Trust document, which was not placed in evidence, the trial court could only speculate that the sale of the real estate would place the proceeds beyond the reach of any potential creditor of Indra, individually, or her son, Khillawan, who may or may not be a beneficiary of the Trust.

Because the underlying rationale relied upon by the trial court is not supported by the evidence available to the trial court at the time of the hearing, we must reverse the June 11, 2018 order granting Appellees' Motion for Relief under the Pennsylvania Uniform Fraudulent Transfer Act.

Order vacated. Case remanded to the trial court. Jurisdiction relinquished.

Judge McLaughlin joins this memorandum.

Judge Stabile joins this memorandum and files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/19

- 10 -